

FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
COLUMBUS, OHIO

04 SEP 15 PM 5:00

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| BILL VAN AUKEN, | :: | Case No. **2:04cv891** |
| and | :: | (Honorable **JUDGE FROST** ) **MAGISTRATE JUDGE KING** |
| JIM LAWRENCE, | :: | VERIFIED COMPLAINT |
| and | :: | (Temporary Restraining Order, Injunctive Relief and Damages Requested) |
| DAVID LAWRENCE | :: | |
| Plaintiffs | :: | |
| vs. | :: | |
| KENNETH BLACKWELL, Secretary of State of Ohio | :: | |
| | :: | |
| Defendant | | |

:: :: :: :: :: :: ::

## I. INTRODUCTION

1. This action is brought by Bill Van Auken and Jim Lawrence of the Socialist Equality Party who are seeking to be the Presidential and Vice-Presidential candidates on the November ballot in Ohio, and David Lawrence, a voter who wishes to vote for the Socialist Equality party candidates. Plaintiffs claim that Defendant is denying their rights under the First and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs allege that Defendant has imposed a series of unreasonable procedural obstacles that

impede a fair review of the initial determination of the Secretary of State disallowing over 4,000 of the 7,983 signatures submitted on Plaintiffs' nominating petitions. Plaintiffs claim that the vast majority of these signatures were improperly invalidated.

## II. JURISDICTION AND VENUE

2. Jurisdiction in this cause is proper under 28 U.S.C. § 1331 and 1343. The substantive federal claims are brought under 42 U.S.C. § 1983.

3. Venue is proper in this District under 28 U.S.C. § 1391 (b), since the incident giving rise to the cause of action took place in this District and the principal defendant is found in this District.

## III. PARTIES

4. Plaintiff Bill Van Auken is a resident of Detroit, Michigan. Plaintiff Van Auken is the Presidential candidate of the Socialist Equality Party and meets the Constitutional qualifications for that office.

5. Plaintiff Jim Lawrence is a resident of Dayton, Ohio. Plaintiff Jim Lawrence is the Vice-Presidential candidate for the Socialist Equality Party and meets the Constitutional qualifications for that office.

6. Plaintiff David Lawrence is a resident of Dayton, Ohio. Plaintiff David Lawrence is a registered voter who seeks to vote for the Socialist Equality Party candidates.

7. Defendant Kenneth Blackwell is the Secretary of State for the State of Ohio. Defendant Blackwell is the chief election officer of the State and is

charged by Ohio Rev. Code §3501.04 *et seq.* with the duty of supervising the conduct of elections in the State of Ohio. At all relevant times, Defendant Blackwell acted under color of state law. Defendant Blackwell is sued in his official capacity.

## IV. FACTS

8. On August 18, 2004 Plaintiffs submitted their nominating petitions to Defendant Blackwell as required by O.R.C. § 3513.257. The nominating petitions contained 7,983 signatures. The statutory minimum number of valid signatures is 5,000. Thereafter, Defendant Blackwell transmitted the petitions to each local Board of Elections. The local Boards are required to "examine and determine the validity or invalidity of the signatures on the petition papers . . . . return to the secretary of state all petition papers so transmitted to it by the secretary of state, together with its certification of its determination as to the validity or invalidity of the signatures thereon . . . [a]ll other matters affecting the validity or invalidity of such papers shall be determined by the secretary of state . . . ." O.R.C. § 3513.05.

9. On September 3, 2004, the local Boards of Election were required by statute to certify the names of all candidates for the general election ballot. O.R.C. § 3505.01.

10. On September 8, 2004, the form of official ballots is required to be certified by the Secretary of State to the local Boards of Election fifty-five days before the general election. O.R.C. § 3505.01.

3

11. On information and belief, the certifications by the local Boards of Election and the Secretary of State have occurred, and as of September 14, 2004, ballots are being printed across the state.

12. On September 9, 2004, the Socialist Equality Party contacted the Secretary of State's office and was informed that its candidates did not have the required amount of signatures to place its candidates on the November ballot. No prior notice was given to the Plaintiffs or the Socialist Equality Party. Plaintiffs were informed that only 3,811 out of 7,983 signatures were valid. Plaintiffs were further informed that any challenge to the disallowance of their petitions and signatures would have to be filed with the Secretary of State by 5:00 p.m. on September 15, 2004.

13. On September 10, 2004, Plaintiffs were informed that there were no rules or guidelines for the appeal of the disallowance of their petitions, and that the review by the Secretary of State was a "favor." The Secretary of State's office agreed to FedEx the petitions back to Plaintiffs, and contact the county Boards of Election to send their voter registration rolls to Plaintiffs.

14. On Saturday, September 11, 2004 the petitions arrived at Plaintiffs' offices, however, the photocopying was such that many petitions were illegible.

15. In addition, the Montgomery County Board of Elections database of registrants was current only up to July 7, leaving off potentially numerous signatories. The Plaintiffs had petitioned in Montgomery from July 4, 2004, through August 18, 2004.

16. Plaintiffs and their colleagues had to travel to Toledo to obtain the registration rolls for Lucas County. The Lucas County registration roll was current only up to March 2004, although Plaintiffs petitioned in Lucas County in July and August.

17. Plaintiffs also had to travel to Warren, Ohio, to obtain registration .

18. Trumbell County refused to accept payment by credit card.

19. Plaintiffs and their colleagues have begun examining the bases for the disqualification of the signatures on their petitions and believe they have good reason to believe that 30 per cent of the disqualified signatures in Cuyahoga County were wrongly disqualified. It appears that many disqualifications were because the signer signed with a less than fully cursive signature. In other cases, the disqualified person had moved from the address on the registration roll.

20. On September 12, 2004 Plaintiffs checked the petitions from Montgomery, Hamilton, Lucas, and other counties. An entire part-petition was invalidated with the note that the circulator was "probably engaging in fraud." The circulator was Plaintiff David Lawrence. David Lawrence was called on the phone by a Board of Election person to make inquiries, and Mr. Lawrence requested that the inquiries and responses be by e-mail in order that there be a written record. Without more, the part-petition was disqualified and twenty-two signatures disallowed. Another part-petition was disallowed where the

5

circulator declared that he witnessed seventeen signatures, but the Board of Elections counted two more lines that had a date written on it but no signatures.

21. The schedule established by the Ohio Election Calendar for 2004 as dictated by the various time requirements of the Ohio election statutes, together with the schedule of the Secretary of State do not afford Plaintiffs adequate time or opportunity to prove the errors in the validation process of Plaintiff's petitions by the local Boards or counter the determinations of signature invalidations.

22. On September 15, 2004 Plaintiffs will produce what evidence they have to the Secretary of State of the errors of the local Boards, but they will have been unable to fairly present their case. In addition, the "review process" is behind closed doors, and Plaintiffs have no ability to present argument on the petitions or issues that the Secretary of State focuses on.

V. <u>FIRST CAUSE OF ACTION: DUE PROCESS VIOLATION</u>

23. The schedule of the Secretary of State and the schedule required of the Ohio statutes and further the process allowed by the Secretary of State and the local Board of Elections impose a series of unreasonable procedural obstacles upon Plaintiffs that make it impossible for them to get a fair review of the disqualification of their petitions and signatures. This process and this circumstance deprive Plaintiffs of an opportunity to be heard on the subject of these disqualifications in a meaningful time and in a meaningful manner. Plaintiffs have been denied Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution.

VI. SECOND CAUSE OF ACTION: FIRST AMENDMENT VIOLATION

24. Plaintiff David Lawrence, a registered voter, by the schedules and circumstances created by the Defendant is being denied the right to vote for the candidates of his choice in violation of the First and Fourteenth Amendments to the United States Constitution.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(a) grant Plaintiffs a temporary restraining order, preliminary and permanent injunction requiring the Defendant to certify the candidacies of Plaintiffs Van Auken and Lawrence, and requiring them to appear on the November ballot;

(b) grant Plaintiff damages; and

(c) grant Plaintiffs' counsel attorneys fees pursuant to 42 U.S.C. § 1983

(d) grant Plaintiffs other relief as the Court deems just and proper.

Respectfully submitted,

Robert B. Newman
NEWMAN & MEEKS
617 Vine Street
Suite 1401
Cincinnati, Ohio 45202
Tele. 513-639-7000
Fax 513-639-7011
e-mail: robertnewman@newman-meeks.com

7

## VERIFICATION

Personally appeared before the undersigned notary public  JAMES LAWRENCE
_____ who on oath says that the allegations in the foregoing complaint are true.

This 15th day of September, 2004.

*/s/ James Lawrence*

Sworn to and subscribed before
me, this 15th day of September 2004.

*/s/ Robert B. Newman*

ROBERT B. NEWMAN
NOTARY PUBLIC - STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION DATE
SECTION 147.03 R. C.

8